# United States District Court

## Southern District of Florida

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| YIANNIS DIASYNOS, | Case Number: **0:00CR06302-001** |
| | Bruce O. Brown, AUSA / Stephen Goldstein, Esq |
| **THE DEFENDANT:** | Defendant's Attorney |

[X] pleaded guilty to count(s)   One of the Indictment on December 5, 2000

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1542 | Making a false statement in application for a U.S. Passport | 01/21/2000 | 1 |

FILED by _____ D.C.

MAY 1 1 2001

CLARENCE MADDOX
CLERK, USDC
S.D. OF FLA. FT. LAUD.

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[X] The defendant has been found not guilty on count(s)  N/A

[X] Count(s)   **All Others**   are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| Defendant's Soc. Sec. No.: | **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** |
| Defendant's Date of Birth: | **03/23/1957** |
| Defendant's USM No.: | **55485-004** |
| Defendant's Residence Address: | |
| **1380 South Ocean Boulevard** | |
| **#208** | |
| **Pompano Beach**   FL   33062 | |

04/13/2001
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

**WILKIE D. FERGUSON, JR.,**
**UNITED STATES DISTRICT JUDGE**
Name & Title of Judicial Officer

5/09/01
Date

Defendant's Mailing Address:
**1380 South Ocean Boulevard**
**#208**
**Pompano Beach**   FL   33062

23

DEFENDANT: **YIANNIS DIASYNOS,**
CASE NUMBER: **0:00CR06302-001**

## PROBATION

The defendant is hereby placed on probation for a term of     **3**    year(s)

**See Additional Probation Terms - Page   3**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **YIANNIS DIASYNOS,**
CASE NUMBER: **0:00CR06302-001**

## ADDITIONAL PROBATION TERMS

The defendant shall not incur any further debt, including but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as and individual or through any corporate entity, without fir informing the U.S. Probation Officer.

The defendant shall provide complete access to financial information, including disclosure to all business and personal finances, to the U.S. Probation Officer.

The defendant shall cooperate fully with the Internal Revenue Services in determining and paying any tax liabilities. The defendant shall provide tot he Internal Revenue Service all requested documents and information for purposes of any civil audits, examinations, collections or other proceedings. It is further ordered that the defendant shall file accurate income tax returns and pay all taxes, interest and penalties due and owing by the him to the Internal Revenue Service.

DEFENDANT:     YIANNIS DIASYNOS,
CASE NUMBER:   0:00CR06302-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .  $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ The interest requirement is waived.

   ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |
| Totals: | $ _____ | $ _____ |  |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: **YIANNIS DIASYNOS,**
CASE NUMBER: **0:00CR06302-001**

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:     **6**

Criminal History Category:     **I**

Imprisonment Range:     **0-6 months**

Supervised Release Range:     **2 to 3 years**

Fine Range: $ ____**500.00**____ to $ ____**5,000.00**____

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

SENTENCING MINUTES
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____
APR 13 2001

CASE # **00-6302-CR-WDF**

DEFENDANT **Yannis Draszynos** JUDGE **WILKIE D. FERGUSON**

Deputy Clerk **TROY T. WALKER** DATE **April 13, 2001**

Court Reporter **Carl Schanzleh** ~~Paul Haferling~~ USPO **Ed Cooley**

AUSA **Bruce O. Brown** Deft's Counsel **S. Goldstein**

COUNTS DISMISSED ____ All Others _____
_____ Deft. Failed to Appear - Warrant to be Issued - Bond Forfeited.

_____ Sentencing cont'd until ___/___/___ at _____ AM / PM

### JUDGMENT AND SENTENCE

Imprisonment    Years    Months    Counts

Supervised Release _____

Probation    Years **3**    Months ___    Counts **1**

Comments **See J:C for details**    Right to appeal

Assessment $ **100.00**    Fine $ **none**

Restitution /Other _____

### CUSTODY
_____ Remanded to the Custody of the U. S. Marshal Service _____ Release on bond pending appeal

_____ Voluntary Surrender to (designated institution or U. S. Marshal Service) on ___/___/___

Commitment Recommendation: _____

AO 2458 (Rev. 3/95) Sheet 6 - Statement of Reasons

Judgment-Page _____ of _____

DEFENDANT: Diasymos, Yiannis
CASE NUMBER: 00-6302-Cr-Ferguson

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 6

Criminal History Category: I

Imprisonment Range: 0 - 6

Supervised Release Range: 2 - 3 years

Fine Range: $ 500 to $ 5,000

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ N/A

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):